IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| ) | |
| CUMBERLAND COUNTY, ) | JURY DEMAND |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff United States of America alleges:

1. This action is brought by the United States against Cumberland County, Tennessee ("Defendant") to enforce Title I of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. §§ 12111-12117, which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–17. Title I of the ADA prohibits employment discrimination based on disability and Complainant is a person with a disability. 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g).

2. Defendant violated Title I of the ADA by denying Complainant's reasonable accommodation request and constructively discharging him based on his disability.

3. Defendant further violated Title I of the ADA by implementing a policy in the Sheriff's Department that prevents people who are taking legally prescribed controlled substances or certain medications from having those substances or medications present in their

1

system while at work for the County, thus prohibiting working for the County while taking such medications. 42 U.S.C. §§ 12112(a), (b)(1), (b)(6); 29 C.F.R. §§ 1630.5, 1630.10(a).

4. In violation of Title I of the ADA, Defendant also co-mingles employee medical records in their personnel files. 42 U.S.C. §§ 12112(a), (d)(4)(C); 29 C.F.R. § 1630.14(c).

## DEFENDANT

5. Defendant is a person within the meaning of 42 U.S.C. §§ 2000e(a), 12111(7), and 29 C.F.R. § 1630.2(c), an employer within the meaning of 42 U.S.C. §§ 2000e(b), 12111(5), and 29 C.F.R. 1630.2(e), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 42 U.S.C. §§ 12117(a), 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1331 and 1345.

7. This Court has authority to grant a declaratory judgment as well as further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

8. Venue is proper under 28 U.S.C. § 1391 because Defendant is located in this judicial district and a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

## FACTS

9. Complainant was hired by Defendant in January 2015 as a Corrections Officer at the Cumberland County jail.

10. After approximately a year, management recommended that he be promoted to

Corrections Corporal. He was promoted in March 2016.

11. As a Corrections Corporal, Complainant was responsible for supervising approximately eight Corrections Officers, while performing duties involving inmate supervision and security.

12. Complainant's performance evaluations were positive throughout his employment.

13. At all times relevant to this action, Complainant was a person with a disability because he has opioid use disorder (OUD), an impairment that substantially limits one or more of his major life activities, including the operation of major bodily functions, and he has a record of such impairments.

14. OUD substantially limits the operation of Complainant's major bodily functions, such as neurological and brain functions, and substantially limits him in the major life activities of caring for oneself, learning, concentrating, thinking, and/or communicating, absent medication.

15. At all times relevant to this action, Complainant was a qualified individual with a disability because he satisfied the requisite skill, experience, education and other job-related requirements of the corrections positions he held with Defendant and, with or without reasonable accommodation, could perform the essential functions of such positions.

16. Defendant has a policy implemented in the Sheriff's Department that prohibits employees from "possessing…or having controlled substances…or any other mind altering or intoxicating substance present in their systems while at work or on duty" (hereinafter "drug prohibition policy").

17. Defendant also has a policy implemented in the Sheriff's Department that requires

employees to "inform their supervisor when they are legitimately taking medication, which may effect [sic] their ability to work" (hereinafter "drug disclosure policy").

18. Shortly after Complainant started work with Defendant, he told his supervisor that he was taking medication assisted treatment (MAT) for his OUD, which was medically prescribed.

19. Complainant's supervising Sergeant did not share this information with his own superiors at the time.

20. In June 2016, Defendant required Complainant to undergo a drug test, which was negative for the 12-panel "drugs of abuse" screen, but positive for the prescribed medication Bunavail, which is MAT he took for his OUD.

21. After receiving the results of the drug test, Defendant gave Complainant a memo from the Cumberland County Sheriff's Office Chief advising that he was being placed on unpaid administrative leave as a result of the drug test. The memo stated, "It has become necessary to place you on unpaid administrative leave until you are taken off your prescription…and pass a departmental drug test."

22. Complainant gave Defendant a copy of his prescription and a letter dated June 29, 2016 from a medical provider stating, "Patient has been in our opiate recovery program since November 2014 to present time. He is compliant with our program."

23. Defendant acknowledged in writing that "it was verified that [Complainant] had notified his immediate supervisor of the [prescribed] use of the narcotic in compliance with the County's policy."

24. Nonetheless, Defendant insisted that Complainant take unpaid leave and stop taking MAT for his OUD.

4

25. At Defendant's directive, Complainant went on unpaid leave and participated in an outpatient drug treatment program, which he successfully completed. Complainant discontinued taking MAT.

26. In early August 2016, Complainant submitted a letter to Defendant from the drug treatment program, stating, "[Complainant] has satisfactorily completed the…program" and "[h]e proved to be a very compliant participant, turned all assignments in promptly & kept all of his scheduled appointments."

27. Defendant required Complainant to undergo another drug test in order to return to work.

28. Complainant did so, and the result was negative.

29. After returning to work in mid-August 2016, Complainant remained off MAT, but found it very difficult.

30. In July 2017, Complainant was directed by Defendant to undergo a drug test, which was negative.

31. In late 2017-early 2018, Complainant was still struggling to remain off MAT. His physician advised that he should go back on MAT to treat his OUD.

32. Complainant informed his supervising Sergeant that his physician advised him to start taking MAT again.

33. Complainant took paid leave to go on the medication Suboxone as a trial run, because he knew that Defendant would not want him working while he started taking the medication.

34. On approximately January 24, 2018, Complainant returned to work and was required by Defendant to undergo another drug test.

35. Complainant tested negative on the 11-panel "drugs of abuse" screen, and positive for Suboxone.

36. Complainant discussed with the Captain that he was taking Suboxone consistent with his doctor's advice that he take Suboxone as MAT for OUD, just as he had previously discussed the same with his supervising Sergeant.

37. Defendant stated in writing that, "In 2018, when [Complainant] was given a random drug test, he again voluntarily disclosed his use of Suboxone."

38. A few days later, the Captain told Complainant that he was displeased that Complainant had started taking Suboxone and that, as a result, he would need either to resign or be terminated for drug use. He also stated that if Complainant did not resign and was terminated, Defendant would tell future employers that he was terminated for a positive drug screen.

39. Complainant responded to the Captain that he tested negative on the 11-panel "drugs of abuse" screen, and with respect to the positive test for Suboxone, he had a valid prescription.

40. Defendant stated in writing that Complainant "was given the choice to resign" and that it "requested his resignation."

41. Defendant refused to provide Complainant the reasonable accommodation of continuing to work for Defendant while taking prescribed MAT.

42. Defendant failed to engage in an interactive process with Complainant about his ability to continue working for Defendant while taking MAT.

43. On approximately February 1, 2018, Complainant submitted a resignation letter, because he felt he had no choice but to resign, given that the Captain made clear that if he did

not resign, he would be fired.

44. Complainant did not want any future references to be told by Defendant that Complainant had tested positive on a drug test, as the Captain threatened would be disclosed if Complainant was terminated, since such a disclosure would greatly hinder Complainant's ability to find work.

45. Complainant's drug test results, and other medical documents, were maintained in his personnel file.

46. Defendant's actions caused Complainant to suffer emotional distress.

47. On or about May 4, 2018, Complainant filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) alleging that Defendant discriminated and retaliated against him because of his disability.

48. Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated Complainant's charge and found reasonable cause to believe that Defendant discriminated against him, and any similarly situated county employees subjected to the drug-related policies, in violation of the ADA.

49. After the EEOC's conciliation efforts failed, the EEOC referred the matter to the United States Department of Justice.

50. All conditions precedent to the filing of this action have been performed.

## **CAUSE OF ACTION**
## **Violation of Title I of the Americans with Disabilities Act**

### **Failing to Provide a Reasonable Accommodation and Constructive Discharge**

51. The allegations of the foregoing paragraphs are hereby incorporated by reference.

52. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. §§ 12111−12117, and its implementing regulation, 29 C.F.R. Part 1630, in the following ways:

    (a) By failing to provide a reasonable accommodation to Complainant, who was an otherwise qualified individual with a disability, for his known disability, and to any other similarly situated employees who are otherwise qualified individuals with disabilities, for their known disabilities, where such accommodations were available and did not pose an undue hardship, Defendant's conduct constitutes discrimination in violation of Title I of the ADA. 42 U.S.C. § 12111(8), 42 U.S.C. §§ 12112(a) and (b).

    (b) By constructively discharging Complainant because he has a disability and/or because he requested a reasonable accommodation for her disability, Defendant's conduct constitutes discrimination in violation of Title I of the ADA. 42 U.S.C. §§ 12112(a) and (b).

53. Defendant's policies and practices deprive people with disabilities of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

54. As a result of Defendant's discriminatory conduct, Complainant, and any other similarly situated employees, suffered and continues to suffer damages, including emotional distress.

### Use of Discriminatory Qualification Standards and Limiting, Segregating, or Classifying Employees

55. During the relevant time period, Defendant had a policy, implemented in the Sheriff's Department, that prohibits employees from "possessing…or having controlled

substances…or any other mind altering or intoxicating substance present in their systems while at work or on duty."

56. Under this drug prohibition policy, Defendant fails to make individualized assessments of its employees' ability to perform the essential functions of their jobs with or without a reasonable accommodation when they are taking legally prescribed medications that fall under the policy.

57. The drug prohibition policy is a discriminatory qualification standard that screens out or tends to screen out for employment individuals with disabilities or a class of individuals with disabilities. 42 U.S.C. §§ 12112(a), (b)(6); 29 C.F.R. § 1630.10(a).

58. The drug prohibition policy discriminates against people with disabilities who take legally prescribed medications that fall under the policy because it limits, segregates, or classifies employees in a way that adversely affects the opportunities or status of such employees because of the disability of such employees. 42 U.S.C. §§ 12112(a), (b)(1); 29 C.F.R. § 1630.5.

59. Defendant's policies and practices deprive people with disabilities, including Complainant and any other similarly situated employees, of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

60. Unless restrained by order of this Court, Defendant will continue to pursue policies and practices that are the same as or similar to those alleged in this Complaint.

### Co-Mingling of Medical Records in Personnel Files

61. Defendant co-mingles employees' medical records within their personnel files.

62. By co-mingling employees' medical records within their personnel files, Defendant is engaging in discriminatory employment practices in violation of Title I of the ADA. 42 U.S.C. §§ 12112(a), (d)(4)(C); 29 C.F.R. § 1630.14(c).

63. Unless restrained by order of this Court, Defendant will continue to pursue policies and practices that are the same as or similar to those alleged in this Complaint.

## **Prayer for Relief**

WHEREFORE, the United States prays that this Court:

(a) grant judgment in favor of the United States and declare that Defendant has violated Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulations;

(b) enjoin Defendant and its agents, employees, successors and all persons in active concert or participation with it, from engaging in discriminatory employment policies, practices, and procedures that violate Title I of the ADA;

(c) require Defendant to modify its policies, practices, and procedures as necessary to bring its employment practices into compliance with Title I of the ADA and its implementing regulations;

(d) order Defendant to train its supervisors and human resource staff regarding the requirements of Title I of the ADA;

(e) Award all appropriate monetary relief to Complainant, and any other similarly situated employees, to make them whole for any loss suffered as a result of the discrimination alleged in this Complaint, including:

    (i) back pay with interest;

    (ii) the value of any lost benefits with interest;

    (iii) compensatory damages, including damages for emotional distress, for

injuries suffered as a result of Defendant's failure to comply with the requirements of Title I of the ADA pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(f) order such other appropriate relief as the interests of justice require, together with the United States' costs and disbursements in this action.

## Jury Demand

The United States hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**For the United States of America**

| | |
|---|---|
| KRISTEN CLARKE<br>Assistant Attorney General | HENRY C. LEVENTIS<br>United States Attorney<br>Middle District of Tennessee |
| Rebecca B. Bond, Chief<br>Kevin Kijewski, Deputy Chief | /s/ Kara F. Sweet<br>Kara F. Sweet |
| /s/ Elaine Grant<br>Elaine Grant, Senior Trial Attorney<br>(*pro hac vice* admission pending)<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Phone: (202) 307-1444<br>Washington, D.C. 20530<br>Elaine.Grant@usdoj.gov | Assistant United States Attorney<br>United States Attorney's Office<br>719 Church Street, Suite 3300<br>Nashville, TN 37203<br>Phone: (615) 736-5151<br>kara.sweet@usdoj.gov |

*Counsel for the United States of America*